Cheves, J.
delivered the opinion of the Court.
It is unnecessary to consider all these questions. The only argument by which the motion for a new trial has been opposed, is,, that the agreement contained a contract on the part of the plaintiff to sell one-third of the Centurion to the defendant; and on the part of the defendant, to pay for the same one-third of 2500 dollars', and that this contract was independent of the partnership agreement and objects, except as it was the means by which the defendant, furnished a part of his portion of the joint stock. On the other hand, it is alleged that the plaintiff was to throw the schooner into the concern as joint stock; that he and Myers were to contribute further to the joint stock by Equipping and fitting her out for an African voyage, while the defendant should furnish his portion of the stock by purchasing the cargo. That on comparing the disbursements of each, (in which the schooner was to be estimated at 2500 dollars, made by the plaintiff or by him and Myers,) they should account as partners, and this the Court thinks is clearly the just and necessary construction of the instrument.
It might indeed happen, as was argued by the *176 counse^ l>or the plaintiff, that a partnership agreement should contain an independent contract _ _ between two or three or more copartners; but a contract would come in a very questionable shape, and ought to be very clearly and distinctly expressed. We do not think, however, that there is any foundation for this argument in this case. It would be necessary to believe what would be highly preposterous, that the defendant was to pay the plaintiff in money the value of one-third of the vessel, and also furnish all the cargo, to become an equal sharer in the adventure. This is impossible.
But it was argued, that unless this action could be maintained, the plaintiff would have no remedy for an injury which he had sustained by the defendant’s non-performance of his partnership stipulations, by which the plaintiff had been prevented from using or selling his vessel until she had become greatly deteriorated in value. Is it not seen that this argument gives up the ground of action, which is not for a violation of the partnership agreement, but on an alleged contract independent of the partnership agreement, for the sale of one-third part of the vessel ? But instead of showing a want of remedy, it points distinctly and clearly to a remedy, viz. an action on this agreement for the non-performance of the defendant’s stipulations, in which the plaintiff will recover damages for the injury he has sustained, upon proving that he has perform *177 ed his part of the dependent promises (for such they clearly are, (2 Johns. N. Y. Rep. 145, 148. Barruso v. Madan) which form the agreement, without which he is neither legally nor justly titled to recover any thing. If his demand be in the nature of a partnership account, he will find an appropriate and comprehensive remedy in a Court of Equity, where alone such transactions are cognizable.
K. L. Simons, for the motion.
Richardson, contra.
The Court is unanimously of opinion a new trial ought to be granted.